**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVER EDUARDO SANDOVAL SANDOVAL, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2001 <br><br> Agency No. A206-634-993 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024[**]

Before: OWENS, LEE, and DESAI, Circuit Judges.

Ever Eduardo Sandoval Sandoval ("Sandoval"), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

decision affirming the Immigration Judge's ("IJ") decision denying his

applications for asylum, withholding of removal, and protection under the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). "Where the BIA conducts its own review of the evidence and law, . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). We review due process claims de novo. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "[W]e must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1. Under 8 C.F.R. § 1240.1(b), if an IJ must withdraw from a hearing, the new IJ "assigned to complete the case" is required to "state for the record" that he had familiarized himself with the case. Sandoval contends that because the IJ did not do so in his hearing, he was denied due process. However, "[t]o prevail on a due process challenge to deportation proceedings, [Sandoval] must show error and substantial prejudice," and he shows neither. *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). As the BIA stated, the IJ that presided over Sandoval's merits hearing "clearly reviewed the record." That the IJ did not formally state that he had done so did not deny Sandoval due process. Accordingly, we reject

Sandoval's due process claim.

2. To qualify for asylum, a petitioner "must prove that he is unwilling or unable to return to his country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc) (quoting 8 U.S.C. § 1101(a)(42)). For withholding of removal, a petitioner must establish "a 'clear probability' of future persecution" on account of one of the same grounds. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted). Because we uphold the BIA's determination that Sandoval's proposed particular social group ("PSG")— "Salvadoran men in gang-controlled territory,"—is not cognizable, his asylum and withholding of removal claims both fail.

A PSG must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (citation omitted). Sandoval's proposed PSG lacks particularity. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding that the proposed PSG "young men in El Salvador resisting gang violence" is "too loosely defined to meet the requirement for particularity"). Thus, we deny Sandoval's asylum and withholding of removal claims.

3. To qualify for CAT protection, Sandoval must prove it is "more likely than not" he will be tortured upon return to El Salvador. 8 C.F.R. § 1208.16(c)(2). There must be sufficient state action involved in the torture. *See id.* § 1208.18(a)(1). Substantial evidence supports the BIA's determination that Sandoval "has not demonstrated that it is more likely than not that he would be tortured" by or with the acquiescence of the government if removed to El Salvador. Any harm cannot be attributed to the government because Sandoval did not report his interaction with the gangs to the police. "[P]ast torture is ordinarily the principal factor" for CAT protection, and Sandoval did not challenge the IJ's determination that he had not suffered past torture. *Nuru v. Gonzalez*, 404 F.3d 1207, 1218 (9th Cir. 2005). He did not otherwise demonstrate that he would be a victim of "gross, flagrant, or mass violations of human rights" in El Salvador. *Id.* at 1218-19. Consequently, we deny Sandoval's CAT claim.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**